**Gladys FIGUEROA, Jéssica Torres, Julie Figueroa, Modesto Figueroa, Rachel Figueroa, represented by Modesto Figueroa and Julie Figueroa, and Ivelisse Torres, represented by Gladys Figueroa, Plaintiffs,**

v.

**SIMPLICITY PLAN DE PUERTO RICO, Stewart Enterprises, Inc., Funeraria Los Cipreses, Cementerio Los Cipreses, Funeraria Monte Santo, John Doe Insurance Companies, Defendants.**

Civil No. 01–1827(SEC)(JA).

United States District Court,
D. Puerto Rico.

June 16, 2003.

Jairo A. Mellado–Villarreal, First Federal Bldg., and Ramon Mellado–Gonzalez, Hato Rey, PR, for Plaintiffs.

Carlos E. Jimènez–Torres, Otero & Lopez, LLP, San Juan, PR, for Defendants.

## OPINION AND ORDER

ARENAS, United States Magistrate Judge.

### I. FACTUAL & PROCEDURAL BACKGROUND

On December 25, 1999, Mrs. Eulogia Luciano–Méndez passed away in Puerto Rico. (Docket No. 17, at 3.) Plaintiffs, Gladys Figueroa, Jéssica Figueroa, Julie Figueroa, Modesto Figueroa, Ivelisse Figueroa, represented by Gladys Figueroa (hereinafter, "the Figueroas"), were informed of the death of Mrs. Luciano Méndez and thus made arrangements to travel

to Puerto Rico to attend her funeral. (Docket No. 1, at 3.) Plaintiffs contracted the services of the defendants, Simplicity Plan de Puerto Rico (hereinafter "Simplicity"), Empresas Stewart–Cementerios (hereinafter "Cementerios"), Empresas Stewart–Funerarias (hereinafter "Funerarias"), and CNA Insurance Company (hereinafter "CNA"), to organize the wake and burial of the deceased and provide a coffin as well. (Docket No. 17, at 2.) The burial was performed on December 27, 1999, in Cementerio Los Cipreses. (Docket No. 17, at 2.) During the burial service when the coffin was being lowered into the ground, the casket fell into the grave. (Docket No. 17, at 3.) Due to the impact of the fall, the upper half of the casket opened. (Docket No. 17, at 3.) As defendants, through their agents, lifted the coffin, the casket opened further exposing the upper body of the deceased and revealing her face, which had been bruised and altered due to the impact. (Docket No. 17, at 3.) The family members of the deceased were disturbed by this sight. Some family members screamed and some fainted. (Docket No. 17, at 3.) Accordingly, defendants replaced the coffin of the deceased and proceeded to continue on with the service. (Docket No. 17, at 3.)

Plaintiffs, the Figueroas, brought suit against defendants, Simplicity, Cementerio, Funeraria, and CNA, on May 22, 2002, for emotional damages sustained from defendants' negligence in the mishandling of the body of the late Mrs. Eulogia Luciano Méndez (Docket No. 17.) Defendants filed an answer to plaintiff's complaint on May 31, 2002. (Docket No. 18.) Defendants

announced Dr. José A. Franceschini–Carlo, a well-respected psychiatrist, as an expert witness that could assist the trier of fact in determining whether plaintiffs suffer emotional damages from the burial incident concerning Mrs. Eulogia Luciano Méndez. Defendants present written psychiatric reports of each plaintiff for use in trial as well as the testimony by expert witness, Dr. Franceschini–Carlo. On May 16, 2003, plaintiffs filed a motion *in limine* to exclude the testimony and written reports of defendants' psychiatrist under Federal Rule of Evidence 702. (Docket No. 27.) Defendants responded in opposition to the motion *in limine* on May 23, 2003. (Docket No. 28.) The evidence and argument having been considered, plaintiffs' motion *in limine* is GRANTED.

## II. ANALYSIS

A. Plaintiff's Motion *in Limine* to Exclude Dr. José Franceschini–Carlo's Testimony and Report

1. *Standard for Federal Rule of Evidence 702*

 Federal Rule of Evidence 702 provides the framework for acceptable expert testimony.[1] *See Carballo–Rodríquez v. Clark Equip. Co.*, 147 F.Supp.2d 81, 82 (D.P.R.2001). The party producing an expert witness in court has the burden of proving that its expert will assist the trier of fact by sharing scientific, technical, or other specialized knowledge. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509

---

1. If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is

based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702

U.S. 579, 592, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

▇▇▇ Judges as gatekeepers, must ensure that the following requirements are fulfilled before an expert can give a testimony: (1) the expert is qualified to testify as an expert in a certain field; (2) the testimony is based on specialized knowledge; and (3) the testimony is such that it will assist the trier of fact in comprehending and determining the fact in issue. *See Correa v. Cruisers, a Div. of KCS Int'l, Inc.*, 298 F.3d 13, 24 (1st Cir.2002); *see also García Guzmán v. Villoldo*, 245 F.Supp.2d 388, 394 (D.P.R.2003). Under the third category, the testimony or report of an expert witness may be used if it is "operationally helpful" in assisting the trier of fact in understanding evidence and determining the fact in issue. Justo Arenas & Carol M. Romey, *Professional Judgement Standard and Losing Games for Psychology, Experts and the Courts*, 68 REV. JUR. U.P.R. 159, 170 (1999). Thus, a testimony or report is deemed to be beneficial if it can diagnose and give an opinion of the type of event that could have caused plaintiffs' conditions or aggravated any of plaintiffs' conditions. *See Nichols v. American Nat'l Ins. Co.*, 154 F.3d 875, 884 (8th Cir.1998). However, an expert witness cannot offer his evaluation of the truth. *Id.* at 884. To do so is to question credibility, a right only reserved for the trier of fact. *Id.* at 884–85.

▇▇▇ Additionally, the information provided by an expert must also be reliable and relevant to the facts of the case. *See Ed Peters Jewelry Co. v. C & J Jewelry Co.*, 124 F.3d 252, 259 (1st Cir.1997). Therefore, an expert must be able to produce a written report or testimony supported by an accepted methodology that is based on substantial scientific, technical, or other specialized knowledge. *See Kumho Tire Co. v. Carmichael*, 526 U.S. at 141, 119 S.Ct. 1167; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. at 590, 113 S.Ct. 2786. This requirement is to ensure that an expert witness "employs ... the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. at 152, 119 S.Ct. 1167. Failure to provide a testimony or a report detailing the basis for the expert's opinion in a comprehensive scientific manner can cause the expert witness and his report to be eliminated from trial. Arenas & Romey, *supra*, at 180.

### 2. Application

In filing a motion *in limine* under Federal Rule of Evidence 702 against defendants, plaintiffs assert that the psychiatric report provided by defendants' expert, Dr. Franceschini–Carlo, is irrelevant and inadmissible because it fails to assist the trier of fact. (Docket No. 27.) Plaintiffs also allege that in his written report, the expert psychiatrist oversteps his boundaries by judging plaintiffs' credibility, a power only allotted to the trier of fact. (Docket No. 27.)

Defendants, however, contend that Dr. Franceschini–Carlo's testimony and report will assist the jury in determining whether the plaintiffs actually suffer the alleged emotional damages that supposedly were a result of defendants' negligence and mismanagement of the body of the late Mrs. Eulogia Luciano Méndez. (Docket No. 28, at 2.) Defendants claim that Dr. Franceschini–Carlo provides adequate and relevant scientific data and analysis on the mental condition of each plaintiff in his report. In addition, defendants allege that this information is needed in order for the trier of fact to determine the issue of fact. (Docket No. 28, at 2–3.)

*Modesto Figueroa*

■ In his psychiatric report of Modesto Figueroa, Dr. Franceschini–Carlo states that in order for the plaintiff's personality to have changed, "many things must happen." (Psychiatric Report of Mr. Modesto Figueroa, Docket No. 27, at 8.) However, he does not explain these triggers that supposedly cause the personality of an individual to change. He only alleges that the burial incident could not have modified or changed Mr. Figueroa's personality. (*Id.*) In this instance, the doctor's analysis is conclusory because it is not supported by any comprehensive scientific knowledge nor does he display the method that he used to reach this conclusion. *See Torres v. KMart Corp.,* 233 F.Supp.2d 273, 285 (D.P.R.2002). Dr. Franceschini–Carlo further alleges that the plaintiff's use of psychotherapy is driven by financial gain. (Psychiatric Report of Mr. Modesto Figueroa, Docket No. 27, at 8.) Again, the court finds that the expert witness only presents a speculative argument that judges the credibility of the plaintiff. There is no previous indication in the report or mental exam that Mr. Figueroa was financially motivated in seeking psychotherapy. In addition, Dr. Franceschini–Carlo does not show the method employed or use any scientific basis to render his conclusion. In the absence of these factors, the court does not see how defendants' expert came to this conclusion; therefore his statement is conclusory. Although, Dr. Franceschini–Carlo defines Post Traumatic Disorder and relates it to the plaintiff's situation, he does not refer to any source in the psychiatric community that would support his analysis. (Psychiatric Report of Mr. Modesto Figueroa, Docket No. 27, at 8.); *see Kumho Tire Co. v. Carmichael,* 526 U.S. at 152, 119 S.Ct. 1167. The rest of Dr. Franceschini–Carlo's report of Mr. Figueroa, reiterates facts of the case, as well as plaintiff statements. (Psychiatric Report of Mr. Modesto Figueroa, Docket No. 27.) An expert is not needed to inform the trier of fact of the facts of the case nor the statements that the plaintiff has made because this is not a display of specialized, scientific nor technical knowledge. *See Kumho Tire Co. v. Carmichael,* 526 U.S. at 141, 119 S.Ct. 1167. Given the present record, the psychiatric report is irrelevant and does not assist the trier of fact in determining the ultimate issue of fact. Therefore, plaintiff's motion *in limine* to exclude the psychiatric report of defendants' expert is GRANTED.

*Julie Figueroa*

■ In his report of Julie Figueroa, Dr. Franceschini–Carlo propounds that the accident only caused a moment of confusion and anger for the family. However, he does not provide scientific knowledge or any methodology that he employed to explain why the incident can only be described as only causing anger and confusion. (Psychiatric Report of Mrs. Julie Figueroa, Docket No. 27, at 6.) Without this explanation, Dr. Franceschini–Carlo's statement is seen as an unsubstantiated conclusion. *See United States v. Sebaggala,* 256 F.3d 59, 66 (1st Cir.2001). Dr. Franceschini–Carlo also alleges that the burial incident is not responsible for Mrs. Figueroa's marital problems. (Psychiatric Report of Mrs. Julie Figueroa, Docket No. 27, at 5.) Yet, he fails again to explain the scientific reasoning behind this conclusion, therefore leaving his opinion conclusory. *See Ed Peters Jewelry Co. v. C & J Jewelry Co.,* 124 F.3d at 259.

■ Defendants' expert witness also asserts that Mrs. Julie Figueroa's use of psychotherapy was motivated only by economic gain. However, he does not refer to any facts or scientific theory to support

this reasoning. Thus, this statement is unsubstantiated and speculative at best and would not assist the trier of fact in determining the credibility of the plaintiff's testimony. *See United States v. Sebaggala*, 256 F.3d at 66; Arenas & Romey, *supra*, at 180.

As in Modesto Figueroa's report, Dr. Franceschini–Carlo recites facts and statements made by the plaintiff that would be available to the trier of fact regardless of the report and testimony. Given the evidence found in Mrs. Julie Figueroa's report and the lack of scientific knowledge available, plaintiff's motion *in limine* to exclude the psychiatric report is GRANTED.

### Gladys Figueroa

There are three instances in Mrs. Gladys Figueroa's psychiatric report where Dr. Franceschini–Carlo states that Mrs. Gladys Figueroa's claims are unacceptable. (Psychiatric Report of Mrs. Gladys Figueroa, Docket No. 27, at 7–8.) Although defendants' expert witness is allowed to give a diagnosis as to whether the burial incident could have caused the plaintiff's alleged emotional damages, he is not allowed to determine plaintiff's credibility. *See Nichols v. American Nat'l Ins. Co.*, 154 F.3d at 883. By stating that certain claims propounded by Mrs. Gladys Figueroa are unacceptable, he is essentially performing the exclusive task of the jury and determining the credibility of the plaintiff's testimony. *Id.* at 884.

Dr. Franceschini–Carlo also maintains, as in previous reports, that Gladys Figueroa is only claiming emotional harm to obtain monetary compensation for the burial incident. (Psychiatric Report of Mrs. Gladyʼs Figueroa, Docket No. 27, at 8.) However, Dr. Franceschini–Carlo fails again to point to any scientific reasoning that would support this statement; therefore his statement is conclusory. *See Ed Peters*

*Jewelry Co. v. C & J Jewelry Co.*, 124 F.3d at 259. The remainder of the report recites statements made by the plaintiff and also the facts of the case. As stated before, this information is not scientific, technical, nor specialized; therefore defendants do not need an expert to testify for them. In reviewing the psychiatric report for Mrs. Gladys Figueroa, I have decided to exclude it because of its irrelevancy and the lack of scientific knowledge used in the written report. Therefore, plaintiff's motion *in limine* is GRANTED.

### Jéssica Torres Figueroa

There is one instance in the Jéssica Figueroa's written report where Dr. Franceschini–Carlo states that her claim of sleep depravation related to the burial incident was unacceptable. (Psychiatric Report of Mrs. Jéssica Torres, Docket No. 27, at 6.) As stated before, defendants' expert must assist the trier of fact in determining plaintiff's credibility, not determine plaintiff's credibility for the trier of fact. *See Nichols v. American Nat'l Ins. Co.*, 154 F.3d at 883. Dr. Franceschini–Carlo also states that Mrs. Jéssica Torres Figueroa is only alleging emotional damage in order to receive compensation from the defendants. (Psychiatric Report of Mrs. Jéssica Torres, Docket No. 27, at 6.) Yet, without an explanation for this opinion, Dr. Franceschini–Carlo's report is conclusory and speculative. Although, Dr. Franceschini–Carlo points out some interesting facts in the case, a psychiatrist is only needed when he is able to convey his scientific knowledge in a way that would help the trier of fact to understand a fact in issue. Upon reviewing the psychiatric report of Jéssica Torres Figueroa, the court finds that defendants' expert does not reveal any scientific basis for his opinion, nor does it reveal the methodology that he employed to make his diagnosis of plaintiff. Thus, the psychiatric report will

not assist the trier of fact in understanding the fact in issue. Therefore, plaintiff's motion *in limine* to exclude her psychiatric report is GRANTED.

### Ivelisse Torres Figueroa

In Miss Figueroa's psychiatric report, defendants' expert states that plaintiff's claim is not acceptable. (Psychiatric Report of Mrs. Ivelisse Torres, Docket No. 27, at 7.) As previously stated, this is an act of determining plaintiff's credibility. This power is only designated to the trier of fact, not the expert witness. *Nichols v. American Nat'l Ins. Co.*, 154 F.3d at 883. Dr. Franceschini–Carlo also states that the plaintiff is motivated financially in claiming emotional damage from the burial incident. Again this statement is conclusory and speculative because it is not supported by any facts available to the psychiatrist or any scientific reasoning. However, Dr. Franceschini–Carlo does produce some relevant information about traumatic experiences. Unfortunately, he fails to provide his methodology and scientific sources. Therefore, given the evidence found in the psychiatric report of Ivelisse Torres Figueroa and for the expressed reasons above, plaintiff's motion *in limine* is GRANTED.

In support of Dr. Franceschini–Carlo's testimony defendants allege that the trier of fact would not be able to determine the factual issue of the case without the knowledge and assistance of a psychiatrist. (Docket 28, at 3.) Therefore, Dr. Franceschini–Carlo's assistance is needed because the plaintiffs are not presenting an expert psychiatrist. (Docket No. 28, at 2.) It is the court's belief that an untrained layman could produce the same information as found in Dr. Franceschini–Carlo's report because of its lack of scientific knowledge and use of methodology. *See United States v. Sebaggala*, 256 F.3d at 66; *United States v. Honorio González–*

*Maldonado*, 115 F.3d 9, 16 (1st Cir.1997) (quoting *United States v. Shay*. 57 F.3d 126, 132 (1st Cir.1995)). Furthermore, given the evidence found in the report, the testimony of Dr. Franceschini–Carlo would more likely confuse and mislead the jury. *See United States v. Brien*, 59 F.3d 274, 277 (1st Cir.1995). Although Dr. Franceschini–Carlo is a highly respected psychiatrist, he does not provide the scientific knowledge and methodology used to produce his opinion and diagnosis in his psychiatric report of the plaintiffs. Given the evidence presented to the court, plaintiffs' motion *in limine* to exclude the testimony of Dr. Franceschini–Carlo is GRANTED.

### III. CONCLUSION

Having determined that the expert witness did not relay any scientific knowledge in his report, said evidence is inadmissible. In addition, the expert witness failed to reveal his methodology making his diagnosis. Consequently, his written reports and testimony would not assist the trier of fact in determining the ultimate issue of fact. In view of the above, plaintiffs' motion *in limine* to exclude Dr. Franceschini–Carlo's written psychiatric reports and testimony is GRANTED.